UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS - WEST, on behalf of represented employees,

        Plaintiffs,

   v.

PRIME HEALTHCARE SERVICES, INC.; PRIME HEALTHCARE SERVICES - SHASTA, LLC; SHASTA REGIONAL MEDICAL CENTER, INC.; SHASTA REGIONAL MEDICAL CENTER, LLC; MEDICAL PROPERTIES TRUST; MPT OF SHASTA, LP; MPT OF SHASTA, LLC; MPT OPERATING PARTNERSHIP, LP; and DOES 1 through 25,

        Defendants.

NO. CIV. S-08-2980 LKK/CMK

O R D E R

Defendants in this case have moved for summary judgment. Along with their motion, defendants Medical Properties Trust ("MPT"), Inc, MPT of Shasta, L.P., MPT of Shasta, LLC, and MPT Operating Partnership, L.P. ("MPT defendants"), filed a motion to seal. The

1

other defendants did not file a motion to seal and did not seek to seal any documents. In opposition to the MPT defendants motion, plaintiffs filed some documents under seal without a motion.

There is a strong presumption in favor of public access to documents filed in connection with dispositive motions such as a motion for summary judgment, and this presumption weighs against sealing such documents. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In the context of a dispositive motion, "the district court must base its decision [to seal materials] on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

The magistrate judge has previously adopted a stipulated order concerning the use of private and confidential information in this case. (Dkt. No. 33).

For the foregoing reasons the court ORDERS as follows:

(1) The court tentatively GRANTS the MPT defendants' motion (Dkt. No. 40).

(2) Defendants are cautioned, however, that this sealing is tentative. Kamakana, 447 F.3d at 1186. The court will revisit whether these documents should be permanently sealed at a later time, when it is possible to perform the fact specific analysis required by Foltz.

(3) Plaintiffs shall file a reasoned motion to seal the documents it filed under seal in its opposition to the

2

MPT defendants motion for summary judgment within seven (7) days of the issuance of this order.

(4) The court, nonetheless, tentatively seals the documents plaintiff has filed under seal in its opposition. (Dkt. No. 52).

IT IS SO ORDERED.

DATED:  June 21, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3